*son Corr. Ctr.,* 136 F.3d 458, 463–64 (5th Cir.1998); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir.1996). Jarrow is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

# UNITED STATES of America, Plaintiff–Appellee,

### v.

## Ted SAVALA, Defendant–Appellant.

### No. 05–20480
### Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 28, 2006.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

In 2000, Ted Savala was convicted pursuant to a guilty plea of conspiring to commit arson. He was sentenced to five years of probation. Savala's probation was subsequently revoked, and Savala was sentenced to serve nine months of imprisonment and three years of supervised release. Savala now appeals the two-year term of imprisonment imposed following the revocation of his supervised release. Savala argues that the district court re-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

versibly erred in imposing his revocation sentence because the circumstances of his case do not warrant the statutory maximum two-year term of imprisonment imposed in his case.

Although the two-year term of imprisonment imposed upon revocation of Savala's supervised release exceeded the sentencing range indicated by the policy statements in Chapter Seven of the United States Sentencing Guidelines, it did not exceed the statutory maximum term of imprisonment that the district court could have imposed. *See* 18 U.S.C. § 3583(e)(3). Accordingly, Savala's revocation sentence was neither "unreasonable" nor "plainly unreasonable." *See United States v. Hinson,* 429 F.3d 114, 120 (5th Cir.2005), *cert. denied,* — U.S. ——, 126 S.Ct. 1804, 164 L.Ed.2d 540 (2006). Savala has not shown error.

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Mauro SANDOVAL–ALVAREZ, Defendant–Appellant.**

**No. 05–20479**

**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 28, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Jose Mauro Sandoval–Alvarez appeals his conviction for conspiracy to possess with intent to distribute cocaine. For the first time on appeal, Sandoval–Alvarez argues that 21 U.S.C. § 841, the statute of conviction, is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Government argues that the waiver provision in Sandoval–Alvarez's plea agreement precludes his attack on the constitutionality of § 841. We assume, *arguendo* only, that the waiver does not bar the constitutional challenge to 21 U.S.C. § 841.

Sandoval–Alvarez acknowledges that the constitutional challenge is foreclosed by *United States v. Slaughter,* 238 F.3d 580, 582 (5th Cir.2000), and that he is raising the issue to preserve it for Supreme Court review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.